SO ORDERED.

SIGNED this 14th day of December, 2011.



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge
_____

Not for on-line use or print publication.
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>BROOKE CORPORATION, et. al.,<br><br>　　　　　　　　　　Debtors. | CASE NO. 08-22786<br>(jointly administered)<br>CHAPTER 7 |
| CHRISTOPHER J. REDMOND,<br>Chapter 7 Trustee of Brooke<br>Corporation, Brooke Capital<br>Corporation, and Brooke Investments,<br>Inc.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RONALD DAVID WARD, et. al.,<br><br>　　　　　　　　　　Defendants. | ADV. NO. 10-06186 |

MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT GDC MANAGEMENT, INC.'S
MOTION TO DISMISS

In this adversary proceeding the Chapter 7 Trustee of Debtors Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. (hereafter collectively "Debtors") seeks to recover from defendants (insurance agencies and/or agents franchisees of Brooke) agent statement balances and other similar obligations allegedly owed by the agents to the bankruptcy estates. The matter under advisement is the motion to dismiss for failure to state a claim upon which relief may be granted (hereafter "Motion") filed by Defendant GDC Management, Inc. (hereafter "Defendant"), a Brooke franchisee. The Trustee opposes the Motion and, in the alternative, seeks leave to amend the Complaint, if the Motion is granted.

Other than the identities of the defendants, the Complaint in this case is identical to the Complaint in Case No. 10-06163, *Riederer v. Nick Hammer Agency Inc., et al.*, in which defendant Turney & Son, Inc. moved to dismiss for failure to state a claim on which relief may be granted. Defendant is represented by the same counsel as represented Turney & Son, and the Motion under advisement and the arguments in support of the Motion are identical to the corresponding pleadings filed by Turney & Son. The arguments of the Trustee in opposition to the Motion are identical to the pleadings filed in opposition to the Turney & Son Motion.

By Memorandum Opinion and Order Denying Defendant Turney & Son, Inc's Motion to Dismiss this Court has ruled that the complaint in Case No. 10-06163 states a claim upon which relief may be granted against Turney & Son, Inc. Because the Complaint, the Motion, and the arguments in this case are identical to those in Case No. 10-06163, the Court hereby adopts the following from the foregoing memorandum and order as equally applicable to Defendant GDC Management, Inc.:

2

**APPLICABLE STANDARD.**

Defendant moves to dismiss pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure and provides for dismissal for "failure to state a claim upon which relief can be granted." Such a motion tests the sufficiency of the factual allegations of the complaint. The pleading standard established by the Supreme Court in *Twombly*[1] and *Iqbal*[2] is easily stated. "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[3] "Factual allegations must be enough to raise a right to relief above the speculative level."[4] Plausibility has been construed by the Tenth Circuit as not meaning "likely to be true" but as to referring to the scope of the allegations in a complaint.[5] They "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[6] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claims against them."[7] "In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense."[8]

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[3] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), (quoting *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949 (relying on *Twombly* to support statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

[4] *Twombly,* 550 U.S. at 555.

[5] *Robbins,* 519 F.3d at 1247.

[6] *Id.*

[7] *Id.*, at 1248.

[8] *Iqbal,* 556 U.S. at ___,129 S.Ct. at 1950; *Fifth Third Bank v. Brooke Holdings, Inc.*, 2011 WL 1337093 (D. Kan. case No. 10-2294, April 7, 2011).

3

## THE CLAIMS ASSERTED IN THE COMPLAINT.

The claims for recovery against Defendant are based upon Brooke's business practices with its insurance franchisees. The Trustee alleges that Brooke controlled most of the cash flows for its franchise agencies, and its business practice was to pay most of the operating expenses for its agents, including rent and loan payments. Brooke then charged these payments (along with the percentage of ongoing commission revenues and or recurring franchise fees) to the agent's monthly statements as offsets to the commission revenues earned. When, as in many cases, the commission revenues where not sufficient to cover the costs, Brooke absorbed the costs or advanced funds to the agent to cover them and recorded them in the agent statement balance accounts. In this action, the Trustee seeks to recover the agent statement balances and other similar obligations owed by Defendant to the bankruptcy estates.

The Complaint alleges five counts to recover these advances: Count I - action on account; Count II - action for money had and received; Count III - action for unjust enrichment; Count IV - constructive fraudulent conveyance; and Count V - recovery of avoided transfers.[9] Defendant's arguments regarding dismissal do not focus on particular counts but, under the general contention that the Complaint is not plausible on its face, make five assertions. The Court will address these assertions.

## ANALYSIS OF ARGUMENTS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS.

### Defendant's First Argument - "Brooke" is not Coextensive with the "Debtors".

Defendant correctly notes that throughout the first portion of the Complaint, the factual allegations frequently relate to "Brooke," defined as Brooke Corporation and its various subsidiaries, while the claims seek relief on behalf of the Debtors.

---

[9] The Complaint also prays in Count VI that defendants' proofs of claim be disallowed until such time as the respective defendants satisfy their obligations to the estates and in Count VII, to the extent that the defendants have valid claims, that such amounts be set off against the obligations the defendants have under the Complaint. Defendant makes no arguments regarding dismissal of these counts.

4

It is true that "Brooke" is a far broader group of entities than the three entities who are Debtors.

This circumstance arises from the Trustee's pleading style. The Complaint first sets forth background facts common to all counts and all defendants, including allegations about Brooke's unsustainable business model and Brooke's improper revenue recognition, which allegedly resulted in Brooke appearing solvent when in fact it was continuously insolvent from 2003 through the dates the bankruptcy petitions were filed. The Complaint then makes general allegations regarding the Brooke's relationship with the Brooke insurance agencies, including the practice of creating statement balances.

The individual claims or counts, however, are based upon specific allegations concerning actions of the Debtors (as opposed to Brooke). For example, Count I alleges that Debtors made the loan payments and/or paid operating expenses on behalf of Defendant, that Debtors furnished accounts statements to the Defendant, that Defendant acknowledged the amounts paid and promised to pay the amounts shown on the statements, and despite demand Defendant has failed and refused to pay. Counts II and III, which state alternative counts for recovery of the statement balance, also refer to the Debtors, not Brooke. Likewise, with respect to Counts IV and V, it is alleged that Debtors were continuously insolvent during the four-year period preceding their bankruptcy filing, during that period one or more of the Debtors transferred various monies to or for the benefit of the Defendant, that Brooke did not receive reasonably equivalent value, and that Debtors were engaged in a business for which their remaining property was unreasonably small and/or they were incurring debts that were beyond their ability to pay. It is the individual claims for relief, which make allegations concerning Debtors, not Brooke, which must be evaluated under the *Twombly* and *Iqbal* standard.

The question is whether under the circumstances of this case, the failure to distinguish between the Debtors is a sufficient basis to find claims for relief have not been stated under *Twombly* and *Iqbal*. In this bankruptcy case, as reflected in the Order Granting Trustee's Omnibus Procedures Motion with Respect to Category B, C-1, and C-2 Complaints (hereafter "Omnibus

5

Procedure Order")[10] applicable to 32 adversary proceedings, including this proceeding, the Court has sanctioned the Trustee's providing critical transfer information with respect to alleged transfers sought to be recovered under Chapter 5 of the Bankruptcy Code by documentation, rather than by the allegations in the complaints. With respect to claims to recover allegedly fraudulent transfers, the Trustee, on or before the deadlines stated in the order, must provide the following critical information:

> Disclosures with respect to the specific individual elements of the fraudulent transfer allegations in his Complaints for each defendant, including the tracing of the transfers through Brooke entities to demonstrate that a debtor entity had an interest in the funds transferred, but not including information with respect to the issue of insolvency.[11]

Arguably, under *Twombly* and *Iqbal*, Chapter 5 Complaints lacking such critical information would be subject to dismissal for failure to state a claim. However, the Omnibus Procedures Order, which is essentially an agreement on the procedures applicable to the adversary proceedings negotiated by the Trustee and the many defendants, implicitly modifies the pleading standards in these cases.

In this proceeding, Counts IV and V of the Complaint (the fraudulent transfer claims) are Chapter 5 claims. The Trustee has a duty pursuant to the Omnibus Procedure Order to provide the critical information about these claims. Counts I, II, and III of the Complaint seek to recover the same funds as are the subject of Counts IV and V. Therefore, to the extent there could be deficiencies in the factual allegations of Counts I, II, and III, such as the identity of the Debtor entitled to recover the statement balances, the Omnibus Procedure Order provides for curing the

---

[10] Case no. 08-22786, dkt. no. 1952. The Complaint in this case is Category B.

[11] *Id.* at p. 5.

6

lack of information.[12] The *Twombly/Iqbal* purpose of providing notice would not be served by granting the Motion to dismiss.[13]

### Defendant's Second Argument - that the Complaint does not allege that Turney & Son's Sales Commissions were Insufficient.

Defendant argues that a claim on which relief may be granted has not been pleaded with respect to recovery of the account balances because there is no allegation Defendant's account balances were insufficient to pay the loan and operating expenses advanced by Debtors. The Court finds the allegations are sufficient. The only plausible inference to be drawn from the allegations of paragraphs 45, 46, and 47 of the Complaint is that the statement balances and other similar obligations of agents did not arise unless the commissions were insufficient to cover the advances.

### Defendant's Third Argument - Each Cause of Action is a Threadbare Recitation of Elements.

Defendant argues that causes of action are pleaded by a recitation of the elements of each claim and that none of the causes of action is supported by factual allegations. In what is in effect a restatement of Defendant's first argument, Defendant urges that the factual contentions are pleaded with respect to Brooke and then the Complaint "pivots" to seek recovery on behalf of the Debtors.

As stated above, the Court finds the allegations concerning the actions of the Debtors sufficient. The Complaint, when supplemented by the Trustee's preliminary disclosure of critical

---

[12] The Court recognizes that the Omnibus Procedures Order provides the "Trustee's disclosures shall not prejudice any defendant from filing a motion to dismiss for failure to plead with specificity. However, no defendant may file such a motion until after the Trustee's disclosures have been made." Case no. 08-22786, dkt. no.1952, p. 6. The Court construes this statement to permit the filing of a motion. It does not state that the Court cannot consider the disclosures required by the Omnibus Procedures Order when ruling on such a motion.

[13] The parties' memoranda do not make reference to the Omnibus Procedure Order. The Court has not been informed of the critical information provided, but assumes it includes the factual data defined as critical information in the Omnibus Procedure Order.

transfer information, gives adequate both notice of the claims against Defendant and states a plausible right to relief.

### Defendant's Fourth Allegation - Turney & Son is Entitled to Know Which Debtor is Making the Claims Against It.

Defendant's final argument, that it is entitled to know which Debtor is making claims against it, is also just another restatement of Defendant's first argument. The critical information which the Trustee must provide includes identity of the entities involved in the allegedly fraudulent transfers.

**CONCLUSION.**

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss. Defendant's position that the Complaint is subject to dismissal because the general factual allegations refer to Brooke, which includes entities in addition to the Debtors, is rejected. The individual counts each refer to the Debtors, not Brooke.

Given the general allegations with respect to Brooke, the specific allegations with respect to Debtors, and the critical information required to be provided by the Trustee to the Defendant pursuant to the Omnibus Procedure Order, the Court finds the Complaint states claims upon which relief may be granted under the standard of *Twombly* and *Iqbal*. The notice aspect of *Twombly/Iqbal* as applied solely to the allegation of the Complaint is of reduced importance in this case given the Trustee's obligation, pursuant to the Omnibus Procedures Order, to provide critical information about the transfers in issue in the Chapter 5 claims, which transfers also are the basis for the accounts sought to be collected in Counts I, II, and III. Therefore, although the Complaint lacks detail concerning the account statements, including which of the three Debtors made the advancements in issue, the Court finds the Complaint should not be dismissed for lack of specificity, including failure to identify which of the three Debtors made the transfers in issue.[14]

---

[14] The Court is mindful that the Trustee has moved for leave to file an amended Complaint if the Motion to Dismiss were granted. Assuming dismissal, the Court would grant the motion, resulting in a the filing of an amended complaint which undoubtedly would rectify

8

Further, when the factual allegations of the Complaint are considered in light of the Court's familiarity with the Brooke case and common sense, the Court has no hesitation in concluding that the Complaint states claims which are plausible on their face. The Trustee clearly has pleaded claims to collect the account balances, assuming the factual allegations to be true. The Complaint alleges that agent statement balances were created by the Debtors and that Defendant acknowledged the balances and promised payment, which has not been made. As to the constructive fraudulent transfer claim, the allegation of insolvency of Debtors and lack of equivalent value have passed over the line from speculative to plausible given the detailed allegations concerning the insolvency and business practices of Brooke.

For the foregoing reasons, GDC Management, Inc.'s Motion to Dismiss is denied.

**IT IS SO ORDERED.**

###

---

any identified pleading deficiencies in the Complaint.